T.C. Memo. 2003-99

UNITED STATES TAX COURT

CARLOS LONDONO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11792-01L.               Filed April 9, 2003.

Tommy E. Swate, for petitioner.

Brook D. Remick, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  Petitioner seeks our review under section
6330(d)(1)(A) of an adverse Appeals Office collection action
determination.  Respondent and petitioner cross move for summary
judgment on all issues.

Unless otherwise indicated, all section references are to the Internal Revenue Code for the years in issue.

Background

The following facts are established by the record.

On April 20, 2000, respondent, in connection with petitioner's unpaid assessed Federal income tax liabilities for 1990, 1991, and 1992 in the total cumulative amount of $71,385 (including penalties and accrued interest), issued to petitioner a notice of intent to levy in conformity with the notice requirements of section 6330(a).

On May 11, 2000, petitioner requested a collection hearing before respondent's Appeals Office regarding respondent's proposed levy. As of May 11, 2000, petitioner had not filed his Federal income tax returns for 1993 through 1999.

In the fall of 2000, respondent's Appeals Office mailed to petitioner and to petitioner's representative a number of letters inviting petitioner to a face-to-face meeting to discuss respondent's proposed levy. Rather than attend a meeting with respondent's Appeals Office, petitioner's representative talked to respondent's Appeals Office over the telephone, and on October 25, 2000, petitioner submitted to respondent's Appeals Office an alternative to respondent's proposed levy, namely, an offer in compromise.

Under petitioner's offer in compromise, petitioner offered to pay a total of only $3,741 in 19 monthly installments of $200 each, in full compromise of petitioner's cumulative total outstanding Federal income tax liabilities for 1990 through 1999 of $91,120. In a number of significant respects, petitioner's offer in compromise is incomplete.

In late 2000, petitioner filed with respondent his delinquent Federal income tax returns for 1993 through 1999. Three of petitioner's above-mentioned Federal income tax returns were not filed until after respondent had issued audit summonses with regard thereto.

On November 9, 2000, respondent's Appeals officer sent a letter to petitioner's representative offering to meet regarding the proposed levy and offer in compromise.

Petitioner's representative declined to meet with respondent's Appeals officer, but on November 29, 2000, petitioner's representative did call respondent's Appeals officer and discussed with her petitioner's offer in compromise.

On February 20, 2001, respondent's Appeals officer forwarded petitioner's offer in compromise to an "offer group" within respondent's organization that reviews offers in compromise.

On July 3, 2001, after reviewing financial information that petitioner had submitted, respondent's offer in compromise specialist calculated that petitioner likely could afford to make

monthly installment payments over 60 months and pay off the full cumulative total of the taxes petitioner owed for 1990, 1991, and 1992 (the years to which respondent's levy relates) as well as for 1993 through 1999, a cumulative total of $91,120.

Respondent's Appeals officer also noted that for the prior 10 years petitioner had a poor compliance history with regard to the filing and payment of his Federal income tax liabilities and that petitioner, as of July 3, 2001, still was not current with regard to his Federal income tax liabilities (namely, petitioner's 2000 Federal income tax return had not yet been filed, and petitioner's estimated tax payments for 2001 were not current).

On July 3, 2001, respondent's Appeals officer discussed on the telephone with petitioner's representative petitioner's offer in compromise and explained that the offer in compromise could not be approved because petitioner's financial information did not demonstrate a genuine doubt as to collectibility of the taxes owed and because of petitioner's then current and long history of delinquency with regard to his Federal income tax liabilities.

On July 18, 2001, petitioner filed with respondent's Appeals Office his 2000 Federal income tax return and additional financial information.

Respondent's Appeals officer reviewed the additional financial information submitted by petitioner and concluded that

petitioner still had not established sufficient doubt as to collectibility of the full taxes due and that petitioner's offer in compromise should be rejected.

On August 7, 2001, the Appeals officer's manager reviewed and approved the rejection of petitioner's offer in compromise and signed the Form 5402-c, Appeals Transmittal Memorandum and Case Memo.

On August 16, 2001, respondent issued to petitioner the notice of determination rejecting petitioner's offer in compromise and sustaining respondent's proposed levy. Therein, respondent explained, among other things, as follows:

> Your request for a collection due process hearing stated that you would be filing returns for the taxable years 1993, 1994, 1995, 1996, 1997, 1998, 1999 so that an offer could be considered. These returns were all filed in 2000, after you filed your request for a Collection Due Process Hearing. Three of these returns were filed only after a summons was issued for all books and records in your possession relating to your income and expenses for those years. You filed your return for the 2000 tax year in June 2001. The financial information that was provided during the offer investigation shows that you have the ability to full pay the liabilities. Thus you do not qualify for an offer in compromise doubt as to collectibility. An installment agreement was not considered an appropriate alternative to the levy action due to your past lack of compliance and credit problems.
>
> The proposed levy action is appropriate in your case. It balances the need of the government to efficiently collect taxes with your concerns of intrusiveness. Your past compliance history does not demonstrate a good faith effort to comply with the tax laws other than by enforcement actions such as the proposed levy. * * *

Petitioner does not deny the facts relating to the late filing of his Federal income tax returns and his history of noncompliance with his Federal income tax filing and payment obligations.

On September 20, 2001, petitioner filed his petition herein.

## Discussion

At no point herein has petitioner challenged the amount of his underlying Federal income tax liabilities for the years in issue.

Where the issue of the underlying tax liability is not before the Court in connection with a collection hearing, the Court reviews respondent's Appeals Office determination only for abuse of discretion.  Magana v. Commissioner, 118 T.C. 488, 493 (2002); Sego v. Commissioner, 114 T.C. 604 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).

Respondent argues that summary judgment is appropriate on the ground that the undisputed facts establish that petitioner was not in current compliance with his Federal income tax liabilities, and that respondent's determination to reject petitioner's offer in compromise did not constitute an abuse of discretion.  We agree.

Petitioner's history of noncompliance, the late filing of his Federal income tax return for 2000, and the delinquency on

his estimated tax payments for 2001 establish petitioner's failure to be in current compliance with his Federal income tax liabilities and support respondent's determination to disapprove of petitioner's offer in compromise.

Relying on respondent's temporary regulations under section 7122, petitioner asserts that respondent's Appeals officer, prior to rejecting petitioner's offer in compromise, failed to have her proposed rejection of the offer in compromise reviewed by an "independent reviewer". See sec. 301.7122-1T(e)(2), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39026 (July 21, 1999).

Petitioner apparently believes that respondent's Appeals officer manager who reviewed the Appeals officer's determination to reject petitioner's offer in compromise does not qualify as an "independent" reviewer under the above statute and regulation. To the contrary, in the context of a collection hearing before respondent's Appeals Office, the prescribed independent administrative review of a proposed rejection of an offer in compromise generally is to be performed by an Appeals manager, which in this case occurred on August 7, 2001. 4 Administration, Internal Revenue Manual (CCH), sec. 8.7.2.3.5(3)(f), at 27,282 (Nov. 13, 2001), promulgated under the legislative authority of sec. 7122(d).[1]

---

[1] 4 Administration, Internal Revenue Manual (CCH), sec. 8.7.2.3.5(3)(f), at 27,282 (Nov. 13, 2001), among other things,
(continued...)

In light of our resolution of respondent's motion for summary judgment, other arguments made by petitioner need not be decided.

The determination of respondent's Appeals officer properly verified that the requirements of applicable law and administrative procedures have been met, considered the issues raised by petitioner, and balanced the need for efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary. As stated in the attachment to the notice of determination, the Appeals officer considered all three of these factors under section 6330(c)(3).  Respondent's Appeals officer did not abuse her discretion under section 6330(c)(3).  Further, no evidence suggests any impropriety in the review by the Appeals manager of the Appeals officer's rejection of petitioner's offer in compromise.

---

[1](...continued) provides as follows:

> The independent administrative review required for rejected * * * [offers in compromise] will not be done by Compliance on a CDP case.  The required independent review is done by the review of the Appeals manager and signing of the Form 5402 * * *.

We shall grant respondent's amended motion for summary judgment, and we shall deny petitioner's amended motion for summary judgment.

<u>An appropriate order and decision will be entered</u>.