T.C. Memo. 2009-1


UNITED STATES TAX COURT


ANTHONY J. MARTINO, JR. AND MIKELIN MARTINO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22063-07L.                    Filed January 5, 2009.


Anthony J. Martino, Jr., pro se.

<u>Kristina Rico</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>:  This action was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 (notice of determination) with respect
to petitioners' 2005 Federal income tax liability.  The issue for
decision is whether the settlement officer abused his discretion
in sustaining the proposed levy action against petitioners.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Pennsylvania at the time their petition was filed. Anthony J. Martino (petitioner) is an attorney and has been practicing law for 22 years. Mikelin Martino is a homemaker.

Petitioners filed a joint Federal income tax return for 2005 on October 18, 2006, and reported tax due of $49,127 (not including a withholding credit of $4,135). The Internal Revenue Service (IRS) timely assessed petitioners' reported tax due on November 27, 2006. Petitioners failed to pay the tax due.

The IRS sent a Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioners on April 2, 2007. Petitioners made a timely request for an Appeals Office administrative hearing (section 6330 hearing). In their request, petitioners asked for relief from interest, penalties, and any lien to be filed, as well as a delay in collection. With respect to the levy, petitioners proposed a collection alternative that would pay the tax liability within 1 year through a "refinance". Petitioners also proposed "an abatement" of Mikelin Martino's tax liability because she had no taxable income or separate assets.

Petitioners, however, did not submit any forms, documentation, or financial information to the Appeals Office concerning their proposals, nor did they take any steps to obtain refinancing.

On August 29, 2007, a settlement officer held a telephonic section 6330 hearing with petitioner. On September 14, 2007, the settlement officer sent to petitioners the notice of determination that is the basis of this case. In the notice of determination, the settlement officer determined that: (1) Petitioners did not challenge the levy action or raise any other issues; (2) petitioners failed to submit Form 8857, Request for Innocent Spouse Relief, that had been provided to them; and (3) the assessment was valid. The notice of determination concluded that the levy was the most efficient method of collection.

Petitioners have two other section 6330 cases pending before this Court, docket Nos. 13912-06L and 8524-07L, with unpaid tax liabilities for 1998 through 2004 in issue. In those cases, petitioners challenge the rejection of an offer-in-compromise they submitted on June 19, 2004, proposing a payment of $170,000 for the unpaid income taxes from 1998 through 2002. Petitioners also have not paid the tax due on their 2006 and 2007 Federal income tax returns.

                              OPINION

Our jurisdiction in this case is predicated upon section 6330(d)(1), which gives the Tax Court jurisdiction "with respect

to such matter" as is set forth in the determination of the Appeals Office. Greene-Thapedi v. Commissioner, 126 T.C. 1, 6 (2006). Where, as here, liability for the underlying tax is not disputed, we review the settlement officer's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of a section 6330 hearing) and, if dissatisfied, with judicial review of the administrative determination. Section 6330(c)(2)(A) specifies the issues that the taxpayer may raise at the hearing. The taxpayer is allowed to raise "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of

collection actions, and alternatives to collection. Sec. 6330(c)(2)(A). Section 6330(c)(3) provides that the determination of the settlement officer shall take into consideration the verification under section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

This is at least the third time that petitioners have invoked the procedures of section 6330 to forestall collection of tax liabilities unpaid over the last 10 years. They are well aware of the applicable law. Respondent argues that petitioners did not challenge the levy or offer any collection alternatives at the section 6330 hearing. Respondent also points out that petitioners failed to refinance any property or to submit the innocent spouse relief request form, as they had proposed in their request for a section 6330 hearing.

Petitioners argue that petitioner specifically challenged the levy action at the section 6330 hearing and that he requested that the settlement officer consider the offer-in-compromise and all financial documents in issue in the earlier docketed cases. Petitioners proposed incorporating the 2005 tax liability into the preexisting offer-in-compromise as a "less intrusive collection alternative".

In considering the settlement officer's determination from the section 6330 hearing, we review for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). To demonstrate that there was an abuse of discretion in sustaining the levy, petitioners would have to show that the settlement officer's determination was arbitrary, capricious, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007). Petitioners have not done so.

Petitioners presented neither evidence nor argument showing any arbitrary or capricious reasoning used by the settlement officer in reaching his determination. Petitioners failed to present any new financial information or collection alternative with respect to their 2005 liability and relied instead on the offer-in-compromise previously submitted for their 1998-2002 tax liabilities. The settlement officer was not reasonably required to consider the rejected offer-in-compromise that is being litigated in the prior cases. We hold that the settlement officer did not abuse his discretion in sustaining the levy.

To reflect the foregoing,

Decision will be entered for respondent.