T.C. Memo. 2009-43

UNITED STATES TAX COURT

ANTHONY MARTINO, JR. AND MIKELIN MARTINO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13912-06L, 8524-07L.    Filed February 24, 2009.

Anthony J. Martino, Jr., pro se.

<u>Kristina Rico</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  These cases are before the Court
consolidated for purposes of trial, briefing, and opinion.
Respondent mailed petitioner Anthony Martino, Jr. (Mr. Martino),
and petitioner Mikelin Martino (Mrs. Martino) (collectively,
petitioners), a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 for 1998, 1999, 2000,

2001, and 2002 (first notice of determination), and for 2003 and 2004 (second notice of determination). Petitioners seek review under sections 6320 and 6330 of respondent's determinations.[1]

The parties' controversy poses the following issues for our consideration: (1) Whether respondent abused his discretion by rejecting petitioners' collection alternatives because of petitioners' failure to remain in compliance with their tax obligations; (2) whether respondent abused his discretion by determining that petitioners possessed sufficient funds to fully pay their tax liability; and (3) whether respondent abused his discretion in denying the requests of Mrs. Martino for innocent spouse relief under section 6015(f) for the 1998 through 2004 tax liabilities.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time petitioners filed their petitions, they resided in Pennsylvania.

Mr. Martino is an attorney. From 1998 through 2004 petitioners derived their income from Mr. Martino's partnership

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

interest and employment in a small law firm that focused on civil and criminal litigation.

I.   Collection Alternatives

     A.   1998 Through 2002

Petitioners filed joint Federal income tax returns for 1998 through 2002 but failed to pay the taxes reported on their returns.  Respondent assessed taxes for 1998 through 2002 commensurate with the sums petitioners reported on their returns as follows:

| Year | Taxes Reported and Assessed |
|------|-----------------------------|
| 1998 | $37,583 |
| 1999 | 45,776 |
| 2000 | 34,997 |
| 2001 | 31,453 |
| 2002 | 36,651 |
| Total | 186,460 |

On June 19, 2004, petitioners submitted an offer-in-compromise of approximately $170,000 for liabilities incurred from 1997 through 2002.[2]  Petitioners attached a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to their offer-in-compromise which listed petitioners' sources of income and assets as follows:  (i) Mr.

---

[2]In docket No. 13912-06L, respondent filed a motion to dismiss taxable year 1997 for mootness because petitioners had already paid the liability due for that year.  Respondent also filed a motion to dismiss for lack of jurisdiction as to taxable year 1997 as to the sec. 6015 determination and to strike.  We granted both motions on Oct. 5, 2007.

Martino's 20-percent interest in a law firm partnership[3] valued at $314,467; (ii) Mr. Martino's legal job with a county; (iii) Fleet Bank checking account with a balance of approximately $3,000; (iv) Fleet Bank savings account with a balance of approximately $100; (v) Merrill Lynch mutual fund with a value of approximately $1,500; (vi) Northampton County Employees Retirement Fund with a current value of approximately $16,000; (vii) available credit from Citibank VISA of approximately $1,500; (viii) available credit from First USA of approximately $500; (ix) available credit from miscellaneous sources of approximately $2,000; (x) 1999 Isuzu Trooper with current value of approximately $16,000 and current loan balance of approximately $15,390; (xi) 1995 Mercedes Benz with current value of approximately $10,000 and current loan balance of approximately $9,000; (xii) property located in Roseto, Pennsylvania, with a value of approximately $235,000 subject to a mortgage of approximately $100,000; (xiii) property located in Roseto, Pennsylvania, with a value of approximately $140,000 subject to a mortgage of approximately $103,000; (xiv) furniture/personal effects with a value of approximately $15,000; and (xv) jewelry with a value of approximately $18,000.

---

[3]Mr. Martino is also a shareholder in a real estate holding company established by the partnership.

On August 24, 2004, respondent mailed each petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 for their unpaid 1998 through 2002 tax liabilities.

On August 26, 2004, respondent mailed each petitioner letter 1058, Final Notice of Intent to Levy and Notice of Your Right to Hearing (first notice of levy) for their unpaid 1998 through 2002 tax liabilities.

On September 22, 2004, petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing, for the years 1998 through 2002. In their request petitioners stated that their offer-in-compromise was still pending and noted they were willing to pay respondent $2,500 per month through an installment agreement.

On March 23, 2006, respondent's Appeals officer, Paula Stanton (Ms. Stanton), sent petitioners a letter scheduling a telephone conference for April 12, 2006.

On April 3, 2006, Mr. Martino sent respondent's Appeals Office a letter regarding the estimated tax payments that he made in 2003, 2004, and 2005.

On April 12, 2006, Ms. Stanton held a telephone conference with petitioners. Ms. Stanton informed petitioners that they had made inadequate estimated tax payments for 2003 and 2004 and had thus accrued income tax liabilities that were not included in the

June 19, 2004, offer-in-compromise.  Ms. Stanton notified petitioners that if payment for the additional accrued income tax liabilities was not remitted within a reasonable time, their collection alternatives would be rejected.  Petitioners did not pay the additional liabilities or file an amended offer.

On June 15, 2006, Ms. Stanton sent petitioners a letter rejecting their offer-in-compromise.  Using the information contained in the Form 433-A, respondent determined that petitioners' reasonable collection potential was $474,100.[4] For purposes of calculating petitioners' collection potential, respondent did not include the value of Mr. Martino's law firm partnership interest.

On June 15, 2006, Ms. Stanton mailed petitioners the first notice of determination wherein the Appeals Office determined that it could not consider petitioners' proposal for a collection alternative because petitioners had accrued additional tax liabilities for 2003 and 2004, that enforced collection action was not more intrusive than necessary, and that the Internal Revenue Service (IRS) should proceed with the collection action.

---

[4]Respondent determined petitioners' collection potential using the published guidelines of Internal Revenue Manual pt. 5.15.1.3, 5.15.1.8, and 5.15.1.9 (May 1, 2004).  These guidelines establish certain national and local allowances for basic living expenses and treat income and assets in excess of those needed for basic living expenses as available to satisfy Federal income tax liabilities.

B.  2003 and 2004

Petitioners filed joint Federal income tax returns for 2003 and 2004 but failed to pay the taxes reported on their returns. Respondent assessed taxes for 2003 and 2004 commensurate with the sums petitioners reported on their returns as follows.

| Year | Taxes Reported and Assessed |
|------|------------------------------|
| 2003 | $51,608 |
| 2004 | 72,283 |
| Total | 123,891 |

On April 3, 2006, respondent mailed each petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 for their unpaid 2003 through 2004 tax liabilities.

On April 24, 2006, petitioners timely submitted a Form 12153 for the years 2003 and 2004.  In their request petitioners stated that their offer-in-compromise for their 1998 through 2002 tax liabilities was still pending and noted they were willing to pay respondent $2,500 per month through an installment agreement.

On August 17, 2006, respondent's settlement officer, Ms. Stanton, wrote to petitioners scheduling a telephone conference for September 13, 2006.  Ms. Stanton also informed petitioners that they would be required to submit proof of estimated tax payments for 2005 and 2006 before respondent would consider any collection alternatives.

On September 13, 2006, Mr. Martino called Ms. Stanton to reschedule the conference. Ms. Stanton rescheduled the conference for September 21, 2006, and sent petitioners a letter reflecting the new telephone conference date and time. Ms. Stanton also provided petitioners with the opportunity to provide any additional information they wanted the Appeals Office to consider.

On September 26, 2006, petitioners called Ms. Stanton to cancel the conference. Ms. Stanton advised petitioners that respondent's Appeals Office would make a determination based on the administrative file and the information that was previously provided.

On October 10, 2006, respondent's Appeals Office received an undated letter from Mr. Martino to Ms. Stanton which had a postmark date of October 6, 2006. In this letter Mr. Martino indicated that while he wanted to reschedule the telephone conference for a third time, the information previously provided to respondent in response to the first notice of levy outlined petitioners' position and would have been reconfirmed during the telephone conference.

On March 13, 2007, respondent mailed petitioners the second notice of determination, wherein respondent determined that the collection action should be sustained for taxable years 2003 and 2004. The Appeals Office determined that it could not consider

petitioners' proposal for a collection alternative because petitioners were not current with estimated tax payments, that enforced collection action was not more intrusive than necessary, and that the IRS should proceed with the collection action.

II.  Relief From Joint and Several Liability

A.  1998 through 2002

On September 24, 2004, Mrs. Martino sent respondent a Form 8857, Request for Innocent Spouse Relief, for 1998 through 2002.

On March 16, 2006, Ms. Stanton wrote to Mrs. Martino and scheduled a telephone conference on April 5, 2006 to discuss her innocent spouse relief request.  Ms. Stanton also sent Mr. Martino a letter regarding his wife's request.

On April 6, 2006, Ms. Stanton sent Mrs. Martino a letter enclosing a partially completed Form 12510, Questionnaire for Requesting Spouse, and requesting that Mrs. Martino sign a Form 433-A.

On April 8, 2006, Mr. Martino sent respondent a completed Form 12507, Innocent Spouse Statement.

On April 19, 2006, Mrs. Martino sent respondent's Appeals Office a completed Form 12510.  Mrs. Martino did not submit a signed Form 433-A.

On June 15, 2006, respondent sent Mrs. Martino a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 (section 6015 notice of

determination) wherein respondent determined Mrs. Martino was not eligible for relief under section 6015(f) for 1998 through 2002.

B.  2003 and 2004

On August 17, 2006, Ms. Stanton sent Mrs. Martino a Form 8857 and Form 12510 for 2003 and 2004.  On August 31, 2006, Mrs. Martino sent respondent's Appeals Office completed Forms 8857 and 12510.

On March 13, 2007, respondent sent Mrs. Martino a section 6015 notice of determination wherein respondent determined Mrs. Martino was not eligible for relief under section 6015(f) for 2003 and 2004.

OPINION

I.  Collection Alternatives

Petitioners make two arguments regarding respondent's rejection of their collection alternatives:  (1) Petitioners lack sufficient assets to satisfy the tax liabilities; and (2) respondent abused his discretion by basing his determination to reject petitioners' collection alternatives on petitioners' failure to establish that they made estimated tax payments.

When a lien is filed or levy is proposed to be made on any property or right to property, a taxpayer is entitled to a notice of lien or of intent to levy and notice of the right to a fair hearing before an impartial officer of the Appeals Office.  Secs. 6320(a) and (b), 6330(a) and (b), 6331(d).  If the taxpayer

requests a hearing, he may raise in that hearing any relevant issue relating to the unpaid tax, the lien, or the proposed levy, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise".  Sec. 6330(c)(2)(A).  A determination is then made which takes into consideration those issues, the verification that the requirements of applicable law and administrative procedures have been met, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3)(C).

Petitioners dispute respondent's rejection of their proposed offer-in-compromise and installment agreements.  We review the determinations for abuse of discretion because the underlying tax liabilities are not at issue.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).

A.  Compliance With Tax Obligations

Respondent rejected petitioners' collection alternatives for their 1998 through 2002 tax liabilities because the Appeals Office determined that petitioners had accrued additional unpaid tax liabilities in 2003 and 2004.  Respondent similarly denied

petitioners' collection alternatives for their 2003 and 2004 tax liabilities because the Appeals Office determined that petitioners had failed to make estimated tax payments for 2005 and 2006. Petitioners argue that respondent abused his discretion in rejecting petitioners' collection alternatives for the above reasons.

Ms. Stanton's consideration and rejection of petitioners' collection alternatives in two separate hearings was reasonable and not an abuse of discretion. With regard to the first notice of determination, a taxpayer's history of noncompliance is a valid basis for the Commissioner's rejection of a collection alternative. See Londono v. Commissioner, T.C. Memo. 2003-99. With regard to the second notice of determination, estimated tax payments, intended to ensure that current taxes are paid, are a significant component of the Federal tax system. Cox v. Commissioner, 126 T.C. 237, 258 (2006), revd. 514 F.3d 1119 (10th Cir. 2008). In fact, petitioners' circumstances illustrate the primary reason for requiring current compliance before granting collection alternatives; namely, "the risk of pyramiding tax liability." See Schwartz v. Commissioner, T.C. Memo. 2007-155; see also Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), affg. 123 T.C. 1 (2004). Accordingly, we conclude that

respondent's rejection of petitioners' collection alternatives was not an abuse of discretion.[5]

B. <u>Insufficient Funds</u>

Petitioners argue that respondent erred in rejecting petitioners' offer-in-compromise because petitioners lack sufficient assets to satisfy their tax liabilities.[6] Respondent's determination not to enter into an offer-in-compromise agreement with petitioners was not an abuse of discretion. Section 7122(a) authorizes the Secretary to compromise any civil case arising under the internal revenue laws. The regulations set forth three grounds for the compromise of a liability: (1) Doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs.; see sec. 7122(c)(1). Doubt as to liability is not at issue in this case.

---

[5]In <u>Martino v. Commissioner</u>, T.C. Memo. 2009-1, a case involving the instant petitioners unsuccessfully contesting a levy for 2005, we found that petitioners had not paid the taxes due on their returns for 2005, 2006, and 2007. With a 10-year record of noncompliance, petitioners give every indication of being recidivists whose strategy is delay.

[6]Respondent's first notice of determination specifies that petitioners' offer-in-compromise was rejected because petitioners had accrued unpaid tax liabilities for 2003 and 2004. However, respondent's Form 5402-c, Appeals Transmittal and Case Memo., specifies that respondent rejected the offer in part because petitioners were determined to be capable of fully paying their liability. Because both parties spent the lion's share of their briefs addressing this issue, we shall consider it here.

The Secretary may compromise a liability on the ground of doubt as to collectibility when "the taxpayer's assets and income are less than the full amount of the liability." Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. Additionally, the Secretary may compromise a liability on the ground of "effective tax administration" when: (1) Collection of the full liability will create economic hardship; or (2) exceptional circumstances exist such that collection of the full liability will be detrimental to voluntary compliance by taxpayers; and (3) compromise of the liability will not undermine compliance by taxpayers with tax laws. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs.; see 2 Administration, Internal Revenue Manual (CCH), pt. 5.8.11.2, at 16,385-15 (Sept. 1, 2005) (taxpayer's liability may be eligible for compromise to promote effective tax administration if not eligible for compromise based on doubt as to liability or doubt as to collectibility and taxpayer has exceptional circumstances to merit the offer).

Ms. Stanton reviewed petitioners' submitted financial information at the hearing and determined that an offer-in-compromise was not appropriate. We received as exhibits the financial information presented to respondent and find that Ms. Stanton could have reasonably concluded that there are sufficient income and assets to satisfy the tax liabilities. Accordingly,

we conclude that respondent's refusal to enter into an offer-in-compromise was not an abuse of discretion.

## II. Relief From Joint and Several Liability

If a husband and wife file a joint Federal income tax return, they generally are jointly and severally liable for the tax due. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). However, a spouse may qualify for relief from joint and several liability under section 6015(b) or (c) if various requirements are met. The parties agree that petitioner does not qualify for relief under section 6015(b) or (c). If relief is not available under section 6015(b) or (c), the Commissioner may relieve an individual of liability for any unpaid tax if, taking into account all the facts and circumstances, it would be inequitable to hold the individual liable. Sec. 6015(f). This Court has jurisdiction to determine whether a taxpayer is entitled to equitable relief under section 6015(f). Sec. 6015(e); see also Farmer v. Commissioner, T.C. Memo. 2007-74; Van Arsdalen v. Commissioner, T.C. Memo. 2007-48.

Petitioner bears the burden of proving that she is entitled to equitable relief under section 6015(f). See Rule 142(a). The Commissioner analyzes petitions for section 6015(f) relief using the procedures set forth in Rev. Proc. 2003-61, 2003-2 C.B. 296. See Banderas v. Commissioner, T.C. Memo. 2007-129. The parties

have not disputed the application of the conditions and factors listed in the revenue procedure.

The Commissioner generally will not grant relief unless the taxpayer meets seven threshold conditions. Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297. Respondent concedes that petitioner meets these conditions. If a taxpayer meets the threshold conditions, the Commissioner considers several factors to determine whether a requesting spouse is entitled to relief under section 6015(f). Id. sec. 4.03, 2003-2 C.B. at 298. We consider all relevant facts and circumstances in determining whether the taxpayer is entitled to relief. Sec. 6015(e) and (f)(1). The following factors are relevant to our inquiry.

A. Petitioner's Marital Status

Mrs. Martino and Mr. Martino were still married when Mrs. Martino sought relief. This factor is neutral.

B. Significant Benefit

Receipt by the requesting spouse, either directly or indirectly, of a significant benefit in excess of normal support from the unpaid liability or the item giving rise to the deficiency weighs against relief. Lack of a significant benefit beyond normal support weighs in favor of relief. Normal support is measured by the circumstances of the particular parties. Estate of Krock v. Commissioner, 93 T.C. 672, 678-679 (1989). The record does not indicate whether Mrs. Martino received a

significant benefit from the unpaid liability.  This factor is neutral.

C.    Compliance With Tax Laws

The record indicates that petitioners accrued unpaid liabilities from 1997 through 2004.  Additionally, petitioners were unable to show proof of estimated tax payments from 2005 and 2006.  This factor favors respondent.

D.    Economic Hardship

A factor treated by the Commissioner as weighing in favor of relief under section 6015(f) is that paying the taxes owed would cause the requesting spouse to suffer economic hardship.  Rev. Proc. 2003-61, sec. 4.03(2)(a)(ii), 2003-2 C.B. at 298.  The Commissioner considers the taxpayer to suffer economic hardship if paying the tax would prevent the taxpayer from paying reasonable basic living expenses.  Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.; Rev. Proc. 2003-61, secs. 4.02(1)(c), 4.03(2)(a)(ii), 2003-2 C.B. at 298.  As the record does not indicate that Mrs. Martino would experience hardship from paying the tax, this factor favors respondent.

E.    Knowledge or Reason To Know

In the case of a properly reported but unpaid liability we are less likely to grant relief under section 6015(f) if the requesting spouse knew or had reason to know when the returns were signed that the tax would not be paid.  Washington v.

<u>Commissioner</u>, 120 T.C. 137, 151 (2003).  If the requesting spouse did not know or have reason to know, we are more likely to grant relief.

Mrs. Martino has not alleged that she was unaware that the taxes reported on her Federal income tax returns would be left unpaid, and the record does not indicate that she was unaware. Accordingly, this factor favors respondent.

F.    <u>Whether the Underpayment of Tax Is Attributable to the Nonrequesting Spouse</u>

Respondent concedes that the underpayment of tax was solely attributable to Mr. Martino's business activities.  This factor favors relief.

The only factor favoring relief is that the underpayment of tax was attributable to Mr. Martino's business activities.  This factor is strongly outweighed by Mrs. Martino's failure to demonstrate economic hardship, her failure to demonstrate she was unaware the taxes would not be paid, and petitioners' history of noncompliance with Federal tax laws.  On the basis of the above, we find that Mrs. Martino has failed to carry her burden of showing that she is entitled to relief from joint and several liability under section 6015(f).

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decisions will be entered for respondent.