T.C. Memo. 2012-52

UNITED STATES TAX COURT

SPECIALTY STAFF, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9384-11L.                          Filed February 27, 2012.

Terrie A. Hellman (an officer), for petitioner.

<u>Diane L. Worland</u>, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no genuine issue exists as to any material fact and that the determination to maintain a notice of Federal tax lien (NFTL) filed pursuant to section 6323 should be sustained.

Background

At the time the petition was filed, petitioner had an Indiana mailing address. Petitioner's address was subsequently changed to a Nevada address.

On January 5, 2011, respondent issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, informing petitioner that respondent intended to levy to collect its unpaid employment tax liability for the tax period ending September 30, 2010, and that petitioner could request a hearing with respondent's Appeals Office.  On January 18, 2011, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, advising petitioner that an NFTL had been filed with respect to its unpaid

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

employment tax liability for the tax period ending September 30, 2010, and that petitioner could request a hearing with respondent's Appeals Office. On January 24, 2011, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to respondent's two previous notices in which it requested that respondent withdraw the NFTL and stated that "there has been an error and the damage caused by the error committed by the IRS has caused millions in damages." No other relief was requested in the Form 12153 regarding the lien or the proposed levy.

During a collection due process (CDP) hearing regarding this matter, the settlement officer advised petitioner's president, Terrie Hellman, that petitioner did not qualify for a lien discharge or withdrawal because it was not in compliance with deposit requirements and continued to accrue tax liability for each quarter. Respondent's settlement officer reviewed respondent's records and verified that for every quarter commencing with the fourth quarter of 2007 through the first quarter of 2011, petitioner had not made timely and adequate amounts of employment tax deposits for the wages it reported as paid on its Forms 941, Employer's Quarterly Federal Tax Returns.

Petitioner did not present any documentation before, during, or after the CDP hearing to demonstrate that respondent made any miscalculations of its

employment tax liability for the tax period ending September 30, 2010, or miscalculations of any other employment tax period which would affect its correct unpaid employment tax liability for the tax period ending September 30, 2010. Petitioner did not submit to respondent's settlement officer a Form 433, Collection Information Statement, nor did it submit a proposed installment agreement or a proposed offer-in-compromise.

On March 24, 2011, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that respondent followed all legal and procedural requirements in the issuance of the notice of levy and the filing of the NFTL.

Petitioner timely filed a petition and an amendment to petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the

moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc., & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc., & Subs. v. Commissioner, 115 T.C. 554, 560 (2000). Petitioner's response to respondent's motion fails to indicate that there is a genuine issue for trial. Consequently, we conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181 (2000). Petitioner has the burden of proof regarding its underlying liability. See Rule 142(a). A taxpayer is precluded from disputing an issue, including a challenge to the underlying liability, which was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107,

114 (2007). Petitioner made no arguments and presented no evidence to bring into doubt the correctness of the underlying tax liability as calculated by respondent. Consequently, petitioner's underlying tax liability is not properly before the Court.

The Court reviews administrative determinations by respondent's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 181-182. The determination of an Appeals officer must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

The notice of determination sets forth the Internal Revenue Service's verification of compliance with applicable law and administrative procedure, and petitioner did not challenge that verification. Consequently, verification under section 6330(c) is not at issue.

A taxpayer may raise in a CDP hearing any relevant issue, including challenges to "the appropriateness of collection actions" and "offers of collection

alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A). The Court will not generally consider such issues reviewable for abuse of discretion if they were not raised during the CDP hearing process. See Giamelli v. Commissioner, 129 T.C. at 114; see also Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).

The only relief that petitioner sought in the CDP hearing was the withdrawal of the Federal tax lien. In its pleadings, petitioner contends that: (1) the NFTL was prematurely filed; (2) petitioner was not instructed to submit a Form 433 and was not requested to submit a proposed settlement; and (3) respondent's settlement officer abused her discretion in denying petitioner's request for withdrawal of the NFTL filed with respect to its employment tax liability for the tax period ending September 30, 2010, because withdrawal of the lien would have facilitated collection of petitioner's tax liability.

Petitioner contends that the NFTL was prematurely filed. Section 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the tax and any interest, additional amount, addition to tax, or assessable penalty shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. The

lien imposed by section 6321 generally arises at the time the assessment is made and continues until the tax liability is satisfied or becomes unenforceable by reason of lapse of time. Sec. 6322. Sections 6320 and 6330 establish procedural protections for taxpayers when the Commissioner elects to file an NFTL under section 6323. Specifically, section 6320(a) provides that, not more than 5 business days after the day an NFTL is filed, the Commissioner is obliged to provide written notice by, inter alia, certified or registered mail to the taxpayer's last known address informing the taxpayer of his or her right to request an Appeals Office hearing during the 30-day period beginning on the day after the 5-day period prescribed in section 6320(a)(2). Section 6320(c) provides that the procedures set forth in section 6330(c), (d), and (e) generally are applicable in the case of tax liens. A review of the record indicates that the NFTL was not prematurely filed and that petitioner received the requisite notices from respondent's Appeals Office.

Petitioner also contends that it was not instructed to submit a Form 433 or notified that it could present various collection alternatives at the CDP hearing. However, petitioner attached to its petition a completed Form 12153, that indicates petitioner was informed that if it wanted to pursue collection alternatives it was "recommended that * * * [petitioner] submit a completed Form 433A (Individual)

and/or Form 433B (Business), as appropriate," along with its submission of the hearing request. The attached Form 12153 also identifies various collection alternatives that might be available to a taxpayer. In addition, petitioner attached to its petition a document entitled "IRS Timeline of Events that Contributed to the Specialty Staff Inc Status as it stands TODAY!" The document indicates that during October 2009 petitioner's president met with respondent's revenue officer at petitioner's office and that the revenue officer was provided with "all the documents he requested, missing * * * [petitioner's Forms] 433-A and 433-B" as petitioner's president "needed to gather a few additional pieces of information to complete those documents." Thus, the record indicates that it is inaccurate for petitioner to contend that it was not made aware of either Form 433 or collection alternatives before the CDP hearing took place. Petitioner failed to provide the settlement officer with the requested financial data and failed to propose either an installment agreement or an offer-in-compromise.

Additionally, petitioner contends that respondent's settlement officer abused her discretion in denying its request for withdrawal of the lien because withdrawal would have facilitated collection of petitioner's tax liability by allowing petitioner

access to a potential line of credit.[2]  Petitioner contends that it "repeatedly demonstrated" that "lien withdrawal * * * [was the] only possibility remaining for Respondent to collect taxes, yet Respondent ignored and continued pursuing illegal collection actions."  In support, petitioner cites Alessio Azzari, Inc., v. Commissioner, 136 T.C. 178, 191 (2011), where we held:

> Although the Commissioner's Appeals Office has discretion under section 6325(d) to determine whether it is in the Government's interest to subordinate a Federal tax lien, it appears that * * * [the settlement officer's] refusal to consider petitioner's request to subordinate the lien was based on an error of law.  [The settlement officer erroneously concluded that the Federal tax lien was already subordinated to a line of credit.]  To the extent it was based upon an error of law, his determination constitutes an abuse of discretion.  See Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

That case is clearly distinguishable from the case before us.  There, we found an abuse of discretion where a settlement officer refused to consider the merits of the taxpayer's lien subordination request, solely on the basis of his erroneous conclusion of law regarding the priority of a Federal tax lien against a security interest held by a third party.  Furthermore, because we held that the Federal tax lien could have been subordinated and that the Commissioner's settlement officer committed an error of law, the Court did not reach the question of whether he

---

[2]Petitioner did not provide any specific information regarding a potential line of credit.

abused his discretion by refusing to withdraw the NFTL. Alessio Azzari, Inc., v. Commissioner, 136 T.C. at 191.

In the case before us, respondent's settlement officer did not similarly fail to consider petitioner's request. Instead, the settlement officer took into consideration petitioner's continued failure to comply with its deposit requirements and its continuing accrual of significant unpaid employment tax liabilities and determined that lien withdrawal would be inappropriate. This Court has previously held that a taxpayer's history of noncompliance, as well as its failure to be in current compliance with its Federal income tax liabilities, is a valid basis for the Commissioner's rejection of alternatives to collection. Martino v. Commissioner, T.C. Memo. 2009-43; Londono v. Commissioner, T.C. Memo. 2003-99. In addition to petitioner's noncompliance issues, respondent's settlement officer also considered its failure to raise specific issues regarding the propriety of the filing of the NFTL and its failure to propose any collection alternatives other than lien withdrawal. On the basis of those considerations, the settlement officer arrived at her determination to deny petitioner's request. Consequently, we find that the settlement officer's exercise of discretion was not arbitrary, capricious, or without foundation in fact or law. As a result, we hold that respondent's settlement officer did not abuse her discretion in sustaining the filing of the NFTL and in determining

that the proposed levy action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion and decision will be entered for respondent.