T.C. Memo. 2012-253

UNITED STATES TAX COURT

SPECIALTY STAFF, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5216-11L, 5218-11L.          Filed September 4, 2012.

Terrie A. Hellman (an officer), for petitioner.

<u>Diane L. Worland</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  This proceeding was commenced in response to two Notices

of Determination Concerning Collection Action(s) Under Section 6320[1]

---

[1]All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*2] and/or 6330.  The case at docket No. 5216-11L arises from a petition filed in response to a notice of determination sent to petitioner sustaining the proposed levy with respect to its unpaid employment tax liability of $74,190.87 for the period ending June 30, 2010.  The case at docket No. 5218-11L arises from a petition filed in response to a notice of determination sent to petitioner sustaining the filing of the notice of Federal tax lien (NFTL) for its unpaid employment tax liabilities of $148,827.56 and $64,502.11 for the periods ending March 31, 2009 and 2010, respectively, and its unpaid unemployment tax liability of $7,925.37 for the period ending December 31, 2009.  The cases were consolidated for trial, briefing, and opinion.

The issue for decision is whether the settlement officer abused her discretion in rejecting petitioner's requests to withdraw the lien and the proposed levy.

FINDINGS OF FACT

At the time the petitions were filed, petitioner had an Indiana mailing address. Petitioner's address was subsequently changed to a Nevada address.

On August 26, 2010, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, advising petitioner that an NFTL had been filed with respect to its unpaid employment and

[*3] unemployment tax liabilities for the periods at issue and that petitioner could request a hearing with respondent's Office of Appeals. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which it did not contest the underlying liabilities but instead requested that respondent withdraw or discharge the NFTL.

On October 12, 2010, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, advising petitioner that respondent intended to levy to collect its unpaid employment tax liability for the period ending June 30, 2010, and that petitioner could request a hearing with respondent's Office of Appeals.[2] Petitioner timely submitted a Form 12153 in which it did not contest the underlying liability but instead requested that respondent refrain from making the proposed levy.

During the collection due process (CDP) hearings for the lien and the proposed levy, the settlement officer advised petitioner's president, Terrie Hellman, that petitioner did not qualify for a discharge of the lien or withdrawal of the lien and levy because it was not in compliance with deposit requirements and

---

[2]Respondent also filed an NFTL and levied against petitioner for its unpaid employment tax liability for the period ending September 30, 2010. Specialty Staff, Inc. v. Commissioner, T.C. Memo. 2012-52, 2012 Tax Ct. Memo LEXIS 52, at *1-*2.

**[*4]** continued to accrue tax liabilities for each quarter.  The settlement officer reviewed respondent's records and verified that for every quarter commencing with the fourth quarter of 2007 through the fourth quarter of 2010, petitioner had not made timely and adequate deposits of employment tax for the wages it reported as paid on its Forms 941, Employer's Quarterly Federal Tax Return.  Additionally, the settlement officer verified that petitioner had not made timely and adequate deposits of unemployment tax it reported on its Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for the periods ending December 31, 2008, 2009, and 2010.

On February 1, 2011, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy action.  On February 1, 2011, respondent also issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the filing of the NFTL.  Petitioner timely filed petitions with this Court.

## OPINION

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property.

[**\*5**] Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6321 provides that, if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Section 6323 authorizes the Commissioner to file an NFTL. Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the NFTL filing. See Katz v. Commissioner, 115 T.C. 329, 333 (2000).

If a taxpayer requests a CDP hearing in response to an NFTL or a notice of intent to levy, it may raise at that hearing any relevant issue relating to the unpaid tax, proposed levy, or lien. Secs. 6330(c)(2), 6320(c). Relevant issues include challenges to the appropriateness of collection actions. Sec. 6330(c)(2)(A)(ii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Petitioner has the burden of proof regarding its underlying liabilities. See Rule 142(a). A taxpayer is precluded

**[\*6]** from disputing the underlying liability if it was not properly raised in the CDP hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).  Petitioner did not raise its underlying tax liabilities in its requests for a CDP hearing.  Petitioner made no specific allegations or arguments regarding the correctness of the underlying tax liabilities.  Consequently, petitioner's underlying tax liabilities are not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Secs. 6330(c)(3), 6320(c); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  The settlement officer properly based her determinations on the factors required by section 6330(c)(3).

Petitioner contends that respondent's settlement officer abused her discretion in denying its requests for withdrawal of the lien and the proposed levy

[*7] because withdrawal would have facilitated collection of petitioner's liabilities by allowing petitioner access to a potential line of credit. The settlement officer considered petitioner's continuous failure to comply with its deposit requirements and its continuing accrual of significant unpaid employment and unemployment tax liabilities and determined that withdrawal of the lien or proposed levy would be inappropriate. This Court has previously held that a taxpayer's history of noncompliance, as well as its failure to be in current compliance with its Federal income tax obligations, is a valid basis for the Commissioner's rejection of a collection alternative.[3] See Martino v. Commissioner, T.C. Memo. 2009-43, 2009 Tax Ct. Memo LEXIS 44, at *12-*13; Londono v. Commissioner, T.C. Memo. 2003-99, 2003 Tax Ct. Memo LEXIS 100, at *7. Therefore, we find that the settlement officer did not abuse her discretion in denying petitioner's requests for withdrawal of the lien and the proposed levy.

We hold that the determinations to proceed with collection were not an abuse of the settlement officer's discretion. We sustain respondent's filing of the tax lien and respondent's intent to levy on petitioner's property.

---

[3]In Specialty Staff, Inc. v. Commissioner, T.C. Memo. 2012-52, we held that there was not an abuse of discretion when the settlement officer declined to withdraw a lien and a proposed levy because petitioner at that time was also not current on its deposit requirements and continued to accrue significant unpaid employment tax liabilities.

**[\*8]**  In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decisions will be entered for</u>

<u>respondent</u>.